UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                                                 6:12-CV-253

**CHRISTOPHER THOMAS**

      **Defendant.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION & ORDER

### I. BACKGROUND

Plaintiff commenced this action seeking damages for an unpaid student loan, including interest, costs and fees. Dkt. #1, ¶ 2. Presently before the Court is Plaintiff's Motion for a Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2).

### II. DISCUSSION

Plaintiff commenced this action on February 10, 2012. To date, Defendant neither answered nor otherwise appeared in this matter. Dkt. #5, ¶ 2(e). Pursuant to Fed. R. Civ. P. 55(a), Plaintiff requested that the Court Clerk enter default. Dkt. #5. The Court Clerk entered default on July 10, 2012. On July 11, 2012, Plaintiff filed and served a motion for default judgment. Dkt. #8. Pursuant to Local Rule 7.1(b)(1), opposition papers were due August 2, 2012. However, Defendant did not oppose the Motion.

To obtain a default judgment, a plaintiff must satisfy the procedural requirements of Fed. R. Civ. P. 55 and Local Rule 55.2. *See Chao v. Party Rental Enters., Inc.,* 2008 WL 3851812, at *5 (N.D.N.Y. Aug. 15, 2008). Local Rule 55.2 requires a plaintiff to accompany its motion with a court clerk's entry of default certificate, a proposed form of default judgment, and a copy of the pleading to which no response has been made. *See* L.R. 55.2(b). The moving party must include an affidavit setting forth that: 1) the responding party is not an infant, incompetent, or in the military service; 2) the responding party has defaulted in appearance in the action; 3) service was proper under Fed. R. Civ. P. 4; 4) the amount sought is justly due and owing and that no part has been paid; and 5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. *See* L.R. 55.2(a). Plaintiff satisfied the procedural requirements of Fed. R. Civ. P. 55 and Local Rule 55.2. *See* Dkt. ## 4, 8.

Defendant's default serves as an admission of all well-pleaded allegations in the Complaint. *See Volkswagen A.G. v. V.W. Parts, Inc.,* 2009 WL 1045995, at *1 (N.D.N.Y. Apr. 20, 2009). Therefore, based on the default, Defendant admits the following facts: 1) on or about October 28, 1985, Defendant executed a promissory note to secure $2,500.00 from Norwest Bank South Dakota, N.A.; 2) on or about February 25, 1981, Defendant executed a promissory note to secure $1,100.00 from Oneida National Bank & Trust Co.; 3) the total loan debt owed to the Department of Education of the United States of America for the Norwest promissory note is $3,853.29,[1] with prejudgment interest accruing at a rate of nine-percent per annum; 4) the total loan debt

---

[1] This amount is the sum of the current principal of $1,201.08 plus the current capitalized interest balance and accrued interest of $2,652.21 owed as of February 10, 2012. *See* Dkt. #1, Ex. A.

owed to the Department of Education of the United States of America for the Oneida note is $6,909.22,[2] with prejudgment interest accruing at a rate of eight-percent per annum; 5) demand was made upon Defendant for payment of the indebtedness; and 6) Defendant has not paid. Dkt. # 1. These allegations are sufficient to establish Defendant's liability for a breach of contract. *See Marks v. N.Y. Univ.,* 61 F. Supp. 2d 81, 88 (S.D.N.Y. Aug. 31, 1999) (indicating elements of breach of contract are: the existence of a contract, performance by the party seeking recovery, non-performance by the other party, and damages attributable to the breach).

Although Defendant's default constitutes a concession of Plaintiff's allegations, it does not serve as an admission of damages. *See Volkswagen A.G.,* 2009 WL 1045995, at *1. Plaintiff has the burden to establish damages in an evidentiary proceeding. *See id.* However, if the damages are susceptible to mathematical computation, or the amount is liquidated, the court need not conduct an evidentiary proceeding because there is a basis for calculating the damages. *See id.* Here, no evidentiary proceeding is necessary. The materials submitted with the Complaint, together with the affidavits in support of the Motion for Default Judgment, are sufficient to establish damages on the promissory note because the principal owed on the note and the interest are susceptible to mathematical computation. *See* Dkt. ## 1, 8.

Plaintiff seeks $25.00 pursuant to Fed. R. Civ. P. 55(b) for travel and service fees under 28 U.S.C. § 1921. Dkt. #8. Plaintiff presented no evidence it actually incurred this fee, other than counsel's representation that the information contained in

---

[2] This amount is the sum of the current principal of $2,688.91 plus the current capitalized interest balance and accrued interest of $4,196.95 owed as of February 10, 2012. *See* Dkt. #1, Ex. A.

the motion is true.  *See United States v. Anthony,* 2010 WL 681359, at *2 (N.D.N.Y. Feb. 24, 2010).  Accordingly, the Court will not award costs at this time.  Plaintiff may file another Bill of Costs after judgment is entered.

Lastly, Fed. R. Civ. P. 54(c) states that a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.  Plaintiff requests the same monetary sum, composed of loan principal plus respective interest, both in its Complaint and Default Judgment Motion.  Dkt. ## 1, 8.  Thus, the award requested complies with Fed. R. Civ. P. 54(c).

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for Default Judgment.  Accordingly, the Court Clerk is directed to enter judgment in Plaintiff's favor for $10,762.51, which includes total interest accrued through July 11, 2012, and any accrued interest to date.

**IT IS SO ORDERED.**

Dated: *February 25, 2013*

_____
Thomas J. McAvoy
Senior, U.S. District Judge